# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

TAMMY C. FORBES,

           Debtor.

---

TAMMY C. FORBES,

           Appellant,

        v.                                Case No. 08-C-0290

MARY B. GROSSMAN, TRUSTEE,
TRI CITY NATIONAL BANK,

           Appellee.

---

## ORDER DENYING APPELLANT'S REQUEST FOR STAY

This matter is before the court on appeal following the dismissal of the appellant's Chapter 13 case. The appellant asks this court to stay foreclosure proceedings in the state court pending an appeal claiming that the bankruptcy court erred in dismissing her petition as having not been filed in good faith. For the reasons that follow, the appellant's request for a stay is denied.

The request for a stay was filed without a brief or citation to authority showing that the appellant is entitled to relief. U. S. Bankruptcy Judge Pamela Pepper dismissed the debtor's Chapter 13 petition after issuing a memorandum decision noting several reasons why the appellant failed to demonstrate a good faith basis for what the judge denominated as a serial Chapter 13 filing. The appellant's husband had filed a Chapter 13 petition (Case No. 06-25517, E.D. Wis.) in which the bankruptcy court granted Tri City National Bank's (Tri City) relief from the automatic stay yet ordered that the stay not be lifted until May 30, 2007,

thereby extending the period of time for the debtor to sell the real estate securing Tri City's mortgage loan. The property located in Mequon, Wisconsin has been on the market for several years and has not sold. And, as a consequence, Judge Pepper allowed Tri City to proceed with the foreclosure action. After granting Tri City the right to proceed with the foreclosure but before the husband asked that his Chapter 13 case be dismissed, the appellant filed the Chapter 13 petition underlying the matter now on appeal for the sole purpose of obtaining additional time to stall the state foreclosure action. Among the various finding stated in Judge Pepper's order was the observation that the appellant scheduled in her Chapter 13 case the same real estate that was the subject of her husband's Chapter 13 case and claimed that said real estate is worth more than the husband stated in his Chapter 13 schedules.

Additionally, the appellant has not shown a likelihood of success on the merits, and has not clearly articulated reasons in her stay request any bases for her claim that the bankruptcy court erred. Further, the appellant has not complied with Civil Local Rules 7.1 and 7.4 nor met all of the requirements of Fed. R. Civ. P. 65 governing injunctive relief.

Now, therefore,

IT IS ORDERED that the appellant's request for a stay (listed on the docket as Motion for Stay of State Court Foreclosure Proceedings Pending Appeal and Temporary Restraining Order) (Doc. # 5) is denied.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE

2